UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dea'Shawn Harrison )<br>            Plaintiff, )<br>)<br>v. )<br>)<br>Regina A. Gunnells; L. C. Knight; Captain S. )<br>G. Branch; Major Brown; Amanda M. )<br>Leviner; Nurse Hazel; Officer Laretta Duke; )<br>Deon Cobbs; Terry Donial Woods, Jr.; )<br>Corporal Julius Bean, )<br>)<br>           Defendants. )<br>) | C/A No. 9:23-00584-RMG-MHC<br><br>**REPORT AND RECOMMENDATION**<br>**(partial summary dismissal)** |

This a civil action filed by Plaintiff Dea'Shawn Harrison, who was a pretrial detainee at the Dorchester County Detention Center (DCDC) at the time he filed this action. Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

By Order dated June 7, 2023, Plaintiff was given an opportunity to provide the necessary information and paperwork to bring his case into proper form for evaluation and possible service of process. Plaintiff was also notified of pleading deficiencies and given the opportunity to amend his Complaint. *See* ECF No. 7. A second proper form order was issued on September 20, 2023, and a third proper form order was issued on February 23, 2024. ECF Nos. 14 and 18. Plaintiff has now complied with the proper form orders and his case is in substantially proper form. He has not filed an amended complaint.

### I.    BACKGROUND

Plaintiff brings claims under 42 U.S.C. § 1983 (§ 1983) for alleged violations of his First, Fifth, and Eighth Amendment rights. ECF No. 1 at 12. Records from Dorchester County indicate that Plaintiff pleaded guilty to robbery (case number 2016A18205000635) and was sentenced to

ten years' imprisonment with a suspended sentence of seven years' imprisonment and three years' probation in March 2019. A probation warrant was issued on December 21, 2022. These records contain notations of "[p]robation reduced to time served" and placement on administrative monitoring on April 26, 2023. *See* Dorchester County First Judicial Circuit Public Index, https://publicindex.sccourts.org/Dorchester/PublicIndex/PISearch.aspx (last visited Sept. 4, 2024). Plaintiff, who has been transferred to the Berkeley County Detention Center (*see* ECF No. 5), is currently facing a charge of burglary, third degree, first offense in Berkeley County (case number 2022A0820200313). *See* Berkeley County 9th Judicial Circuit Public Index, https://publicindex.sccourts.org/Berkeley/PublicIndex/PISearch.aspxPISearch.aspx (last visited Sept. 4, 2024).

Plaintiff asserts that a document titled "Prisoners' rights and responsibility form (Part B page 8)" entitles him to "the right to be treated fairly respectfully and with dignity free from intimidation, harassment and abuse, through the criminal justice process" and affords him "the ability to safely report any crime committed against [him]." ECF No. 1 at 6. He claims that Defendants 2, 3, and 4, which appears to refer to Defendants Dorchester County Sheriff L. C. Knight (Knight), DCDC Captain S. G. Branch (Branch), and DCDC Major Brown (Brown),[1] did not allow him "to safely report any crime that has been committed against [Plaintiff]." *Id.*

Plaintiff alleges that he has not been treated fairly as compared to other detainees. Specifically, he claims he was only allowed recreation three days per week and other detainees were allowed recreation seven days a week. ECF No. 1 at 6.

---

[1] Plaintiff refers to Defendants by numbers and not by their names. The numbers appear to correspond to the order in which Plaintiff lists these parties in the "The Defendants" section of his Complaint (ECF No. 1 at 2-5).

2

Plaintiff contends that Defendant 6, which appears to refer to DCDC Nurse Hazel (Hazel), did not treat him fairly because she did not allow him to be treated properly for food poisoning and did not send him to the emergency room. He states that this "goes for [his] complaints about a contamination as well as [his] high blood pressure and labour breathing due to an irregular heartbeat." ECF No. 1 at 6 (errors in original).

Plaintiff claims that Defendant 7, which appears to refer to Defendant Laretta Duke (Duke) of the Dorchester County Sheriff's Office, charged him "with destroying/altering detention property without any proof or evidence that [Plaintiff] committed this offense[.]" ECF No. 1 at 7. He alleges that Defendant 8, which appears to refer to Defendant DCDC Officer Deon Cobbs (Cobbs), found him "guilty and took all [Plaintiff's] privileges[.]" *Id.* (errors in original). Plaintiff asserts that Defendant Cobbs found him "guilty with no proof or evidence[.]" *Id.*

Plaintiff states that he brings *Bivens* claims[2] concerning his arrest and transportation from Detroit, Michigan to Summerville, SC as to the probation violation charge. He alleges that Defendants 1, 2, 3, 4, and 5, which appears to refer to South Carolina Department of Probation, Parole and Pardon Services Probation/Parole Agent Regina A. Gunnells (Gunnells), Knight, Branch, Brown, and Dorchester County Magistrate Judge Amanda Leviner (Judge Leviner), violated his Fifth Amendment rights "by putting [him] at jeopardy/subject to the same offense twice." ECF No. 1 at 8.

Plaintiff claims that Defendants 2, 3, and 4 (presumably Defendants Knight, Branch, and Brown) violated his First Amendment rights by not providing him kosher meals and

---

[2] Plaintiff appears to be attempting to bring claims pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). However, he has not named any federal official as a defendant. Thus, the undersigned construes these claims as ones brought against state officials pursuant to § 1983 and not as claims under *Bivens*.

noncooked/unprepped food on his Sabbath day (Saturday). He asserts that he is a Hebrew Israelite. ECF No. 1 at 9.

Plaintiff alleges that Defendant detainee Terry Woods (Woods) approached his door with a letter that Plaintiff sent out previously (which Plaintiff asserts is private property), and did not return the letter. He claims that Woods shared the contents of the letter with everyone on recreation at the time, which Plaintiff contends was a federal offense and a violation of his Fifth Amendment rights.

Finally, Plaintiff alleges that Defendant DCDC officer Julius Bean (Bean) is liable for negligence because Bean left a note instructing the night shift to keep Plaintiff's legal envelope on January 31, 2023, because of the stamp that was on it. Plaintiff claims that Bean's negligence allowed Defendant Terry to gain access to the letter. ECF No. 1 at 10.[3]

In the "Relief" section of the Complaint, Plaintiff appears to be asking for monetary and perhaps injunctive and/or declaratory relief.[4] He writes:

> I put the county on notice that it will cost them 75,000 dollars per day for holding a Private, Natural Man without any injured party filing a verified complaint against me. I am willing to take a conditional exceptance of Sovereign Immunity and my Sovereignship paperwork.

ECF No. 1 at 14 (errors in original).

---

[3] Plaintiff also alleged similar claims against Defendants Woods and Bean in another case he filed in this Court, *Harrison v. Adam*, No. 2:23-cv-00327-RMG (D.S.C.).

[4] To the extent Plaintiff may be requesting declaratory or injunctive relief, his requests are moot as he is no longer detained at the DCDC. *See Incumaa v. Ozmint*, 507 F.3d 281, 286–87 (4th Cir. 2007) (explaining that "the transfer of an inmate from a unit or location where he is subject to the challenged policy, practice, or condition, to a different unit or location where he is no longer subject to the challenged policy, practice, or condition moots his claims for injunctive and declaratory relief"); *see also Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (finding prisoner's Eighth Amendment claims for injunctive and declaratory relief moot based on transfer; *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987) (holding that the transfer of a prisoner rendered moot his claim for injunctive relief).

## II.  STANDARD OF REVIEW

A pro se Complaint is reviewed pursuant to the procedural provisions of 28 U.S.C. § 1915, the Prison Litigation Reform Act, Pub. L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992), *Neitzke v. Williams*, 490 U.S. 319 (1989), *Haines v. Kerner*, 404 U.S. 519 (1972), and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, and a court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). However, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

## III.  DISCUSSION

It is recommended that Defendants Gunnnells, Leviner, Duke, Cobbs, Woods, and Bean be summarily dismissed and that this action be served against Defendants Knight, Branch, and Brown only as to Plaintiff's First Amendment religion claims; and be served against Defendant Hazel only as to his medical claims.

A.  <u>Challenge to Criminal Conviction/Revocation of Probation/Double Jeopardy</u>

Plaintiff appears to allege that Defendant Gunnells, Knight, Branch, Brown, and Judge Leviner have subjected him to double jeopardy. He states that he served eighteen months' imprisonment at SCDC and approximately two years on probation. However, as noted above, Plaintiff was sentenced to ten years' imprisonment with a suspended sentence of seven years'

imprisonment and three years' probation. Plaintiff also may be attempting to obtain monetary damages as to his robbery conviction.

To the extent Plaintiff is attempting to obtain monetary damages for his robbery conviction, sentence, or the revocation of his parole, his claims are subject to summary dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court established the following test to determine whether a prisoner's claim for violation of due process in the context of a criminal proceeding is cognizable under § 1983:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Heck*, 512 U.S. at 486-487 (internal footnotes omitted). Thus, it is recommended that any claims challenging Plaintiff's robbery conviction or sentence be summarily dismissed because a judgment in Plaintiff's favor would necessarily imply the invalidity of his conviction and/or sentence on the robbery charge.[5]

---

[5] However, where a plaintiff has already served his sentence, the *Heck* bar may not apply. *See Wilson v. Johnson*, 535 F.3d 262, 267-268 (4th Cir. 2008) (holding that former prisoners may in certain circumstances be exempt from *Heck*'s favorable termination requirement); *but see Bishop v. County of Macon*, 484 F. App'x 753 (4th Cir. 2012) (unpublished) (clarifying that the *Wilson* exemption to *Heck* does not apply to every § 1983 suit brought by a former prisoner who failed to

Additionally, courts have regularly held that *Heck v. Humphrey*, 512 U.S. 477 (1994) applies to parole and probation revocation proceedings. *See Thigpen v. McDonnell*, 273 F. App'x. 271, 272 (4th Cir. 2008) (§ 1983 claim that state officials conspired to subject plaintiff to double jeopardy by revoking his probation barred by *Heck*); *Via v. Fahey*, No. CIV.A. 3:07-CV-778, 2009 WL 223113, at *2 (E.D. Va. Jan. 29, 2009) ("The basic premise behind Plaintiff's claim, that he is entitled to monetary damages and injunctive relief stemming from the improper revocation of his parole and his current incarceration, is legally frivolous under *Heck*[.]"); *Smith v. Hickman*, No. 6:22-CV-02256-HMH-KFM, 2022 WL 14763225, at *2 (D.S.C. Sept. 27, 2022*), report and recommendation adopted*, 2022 WL 14763209 (D.S.C. Oct. 25, 2022) (collecting cases).

Plaintiff also has not alleged any facts to state a double jeopardy claim. "[B]ecause a sentence imposed after [a violation of probation] is not considered a new punishment," but rather, a part of the original sentence for the original charge, "the Double Jeopardy Clause is not implicated." *United States v. Fonteneau*, 277 F. App'x 293, 295 (4th Cir. 2008).

B.     Equal Protection/Recreation

Plaintiff complains that other detainees were allowed seven days of recreation (plus other privileges), but he was only allowed three days of recreation per week. ECF No. 1 at 6. To the extent Plaintiff is attempting to assert an equal protection claim, his claim is subject to summary dismissal because he has not alleged any facts to indicate he was treated differently from others with whom he is similarly situated or that the alleged unequal treatment was a result of intentional or purposeful discrimination. To establish an equal protection violation, Plaintiff first must demonstrate that he has been treated differently from others with whom he is similarly situated,

---

obtain habeas relief while in custody). Here, Plaintiff has not argued or asserted any facts to indicate that he was unable to seek habeas relief.

and that the unequal treatment was the result of intentional or purposeful discrimination. *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). If that initial showing has been made, "the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny." *Id.*

To the extent Plaintiff is attempting to allege an Eighth Amendment claim as to his allegedly only receiving three days a week of recreation, his claim is also subject to summary dismissal. Claims of pretrial detainees against detention center officials are evaluated under the Due Process Clause of the Fourteenth Amendment rather than under the Eighth Amendment's proscription against cruel and unusual punishment. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir.1988). The Fourth Circuit recently recognized that the Supreme Court's decision in *Kingsley v. Hendrickson* "repudiates a subjective requirement for pretrial detainees' Fourteenth Amendment claims and permits pretrial detainees to state Fourteenth Amendment claims for deliberate indifference to a serious risk of harm on the purely objective basis that the 'governmental action' they challenge is not 'rationally related to a legitimate nonpunitive governmental purpose' or is 'excessive in relation to that purpose.'" *Short v. Hartman*, 87 F.4th 593, 611 (4th Cir. 2023) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)). Specifically, *Kingsley* directed courts "to be more solicitous of the Fourteenth Amendment claims of a pretrial detainee than the Eighth Amendment claims of a post-conviction detainee," because "pretrial detainees (unlike convicted prisoners) cannot be punished at all." *Id.* at 609.

As a result, pretrial detainees are no longer required to show that prison officials had subjective knowledge of an excessive risk of harm to assert a Fourteenth Amendment deliberate indifference claim, while Eighth Amendment claims brought by convicted detainees still necessitate such a showing. *See Short,* 87 F.4th at 608–11 (noting that *Kingsley* abrogated prior

Fourth Circuit precedent requiring pretrial detainees to allege both an objective risk of serious harm and subjective knowledge and disregard of that substantial risk for deliberate indifference claims). Instead, it "is sufficient that the plaintiff show that the defendant's action or inaction was, in *Kingsley's* words, 'objectively unreasonable.'" *Id.* at 611 (quoting *Kingsley*, 576 U.S. at 397). That is, "it is enough that the plaintiff show that the defendant acted or failed to act 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Id.* (citation omitted). However, it is not enough "for the plaintiff to allege that the defendant negligently or accidentally failed to do right by the detainee." *Id.* at 611–12.

Consequently, in light of *Kingsley* and the Fourth Circuit's clarification in *Short*, to succeed on a claim for deliberate indifference, a pretrial detainee must show that (1) he was subjected to a condition of confinement that posed a substantial risk of serious harm; (2) "the defendant intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed"; (3) the defendant "knew or should have known" that "the defendant's action or inaction posed an unjustifiably high risk of harm"; and (4) "as a result, the detainee was harmed." *See Short,* 87 F.4th at 611; *see also Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017) (adopting a similar test for claims of deliberate indifference to conditions of confinement under the Due Process Clause of the Fourteenth Amendment); *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (same). Here, Plaintiff's claims about his recreation are subject to summary dismissal because he fails to allege any injury resulting from the amount of recreation he received and fails to allege any facts to indicate that Defendants' actions were objectively unreasonable in the face of the alleged conditions.[6]

---

[6] Courts have found that a deprivation of "out-of-cell" exercise for an extended period may violate the Eighth Amendment under the totality of the circumstances of a prisoner's confinement, *Mitchell v. Rice*, 954 F.2d 187, 192 (4th Cir. 1992), Plaintiff has not stated sufficient facts to state

C.     Claims About Reporting a Crime

Plaintiff alleges that Defendants Knight, Branch, and Brown "have not allowed [him] to safely report any crime that has been committed against [Plaintiff] (the detainee), which is a violation of the prisoners['] rights and responsibility form." ECF No. 1 at 6. Plaintiff has not identified any crime that he allegedly was not allowed to report. Additionally, to the extent Plaintiff is attempting to allege a claim that Defendants failed to follow DCDC policies or rules, such allegations are not actionable in a § 1983 action because a violation of DCDC policies and/or procedures does not constitute a violation of Plaintiff's constitutional rights. *See Keeler v. Pea*, 782 F. Supp. 42, 44 (D.S.C. 1992); *cf. Johnson v. S.C. Dep't of Corrs.,* No. 06B2062, 2007 WL 904826 at *12 (D.S.C. Mar. 21, 2007) (plaintiff's allegation that defendants did not follow their own policies or procedures, standing alone, does not amount to a constitutional violation) (citing *Riccio v. County of Fairfax, Virginia*, 907 F.2d 1459, 1469 (4th Cir. 1990)) (if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue).

Additionally, a private citizen such as Plaintiff has no constitutional right to, or in fact any judicially cognizable interest in, the criminal prosecution or non-prosecution of another person. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (A private citizen does not have a judicially

---

a claim. Allegations of a "[l]ack of exercise may rise to a constitutional violation in certain limited circumstances 'where movement is denied and muscles are allowed to atrophy [and] the health of the individual is threatened.'" *Thomas v. Ramos*, 130 F.3d 754, 763 (7th Cir. 1997) (*quoting French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985)). However, the Fourth Circuit has distinguished exercise from recreation. *Strickler v. Waters*, 989 F.2d 1375, 1381 n. 7 (4th Cir. 1993) ("We, like the district court, consider whether Strickler was denied exercise. Notably, however, as the district court emphasized, Strickler does not even specifically allege that he was deprived of such a right [but instead claimed he was being denied 'adequate recreation']."). Here, Plaintiff has not alleged that he was denied exercise, and he has alleged no injury from not being allowed to have recreation seven days a week.

cognizable interest in the prosecution or nonprosecution of another person); *Diamond v. Charles*, 476 U.S. 54, 64–65 (1986) (applying *Linda R.S. v. Richard D.* and collecting cases); *Collins v. Palczewski*, 841 F. Supp. 333, 340 (D. Nev. 1993) ("Long ago the courts of these United States established that 'criminal statutes cannot be enforced by civil actions.'").Thus, Plaintiff's claims about reporting a crime should be summarily dismissed.

D.     Quasi-Judicial Immunity and Prosecutorial Immunity/Defendant Gunnells

Defendant Gunnells is also subject to summary dismissal because she is entitled to prosecutorial immunity as to any claims about her acting in a prosecutorial function in prosecuting Plaintiff's probation revocation proceedings. *See Stevens v. Spartanburg Cnty. Prob., Parole, and Pardon Servs.*, C/A No. 6:09-cv-00795-HMH, 2010 WL 678953, at *6–7 (D.S.C. Feb. 23, 2010) (finding that prosecutorial immunity barred action against probation officer where the claims involved the probation officer acting in a prosecutorial function in prosecuting the plaintiff's probation revocation proceedings); *see also Pilgrim v. Delaney*, No. 7:20-CV-02325-DCC, 2021 WL 274301, at *2 (D.S.C. Jan. 27, 2021) ("[The p]laintiff also brings claims against ... his probation officer, related to the revocation of his probation.... [The probation officer] is entitled to prosecutorial immunity with respect to her part in [the] revocation.").

Additionally, Defendant Gunnells is entitled to absolute immunity from a suit for damages as to any claims about any of Gunnell's conduct that was performed in a quasi-judicial capacity. "Probation officers are also entitled to absolute immunity from suits for damages for alleged conduct performed in a quasi-judicial capacity.... A determination that a violation of a [supervisee's] conditions of supervision has occurred is a quasi-judicial function entitled to such immunity." *Young-Bey v. Jones*, Civ. No. 21-771, 2021 WL 1215771, at *2 (D. Md. Mar. 31, 2021); *see also Douglas v. Muncy*, 570 F.2d 499, 500-01 (4th Cir. 1978) ("[P]ursuant to [Section]

1983, [the plaintiff] asked for damages for the denial of his constitutional rights from ... his parole officer, who allegedly had arbitrarily enforced the conditions of his parole.... [T]he district court was correct in its conclusion that ... [the plaintiff's] parole officer[ ] was [ ] immune from such liability.").

E.     Judicial Immunity/Defendant Judge Leviner

Defendant Judge Leviner is also subject to summary dismissal because, based upon the facts alleged, she is entitled to judicial immunity. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-64 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (a suit by South Carolina inmate against two Virginia magistrates); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."); *see also Siegert v. Gilley*, 500 U.S. 226 (1991) (immunity presents a threshold question which should be resolved before discovery is even allowed). Further, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump*, 435 U.S. at 356–57. Judicial immunity is not pierced by allegations of corruption or bad faith. *Pierson v. Ray*, 386 U.S. 547, 554 (1967) (holding that "immunity applies even when the judge is accused of acting maliciously and corruptly"). Judicial immunity is an immunity from suit, not just from ultimate assessment of damages. *Mireles*, 502 U.S. at 11.

F.     Defendant Woods/Not a State Actor Under § 1983

As noted above, Plaintiff appears to allege that Defendant detainee Woods violated his Fifth Amendment rights by taking his mail and asserts that Woods committed a federal offense. ECF No. 1 at 10. To state a valid cause of action under § 1983, a plaintiff must demonstrate that: (1) the defendant deprived him of a right secured by the Constitution or any law of the United

States; and (2) the deprivation of that right resulted from the defendant acting under color of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970). Generally, an inmate or detainee does not act under color of state law for purposes of § 1983. *See, e.g., Mueller v. Schnick*, 210 F.3d 375 (7th Cir. 2000) (inmate who broke plaintiff's jaw could not be sued under § 1983 because the plaintiff did not allege that the defendant acted under color of state law or was involved in a conspiracy with state actors), *cert. denied*, 531 U.S. 833 (2000); *Jenkins v. Illinois Dep't of Corrs.*, No. 96C3064, 1996 WL 296572 (N.D. Ill. May 31, 1996) (Inmate not directly suable under § 1983 because inmate was not a state actor and there was no indication that his alleged conduct was inextricably intertwined with that of prison officials.); *McGraw v. Zeleand*, No. 91-7589, 1991 WL 274535 (E.D. Pa. Dec. 17, 1991) (dismissing complaint against inmate because he was not a state actor and could not be sued under § 1983). For an individual to act under color of law, there must be evidence of a concerted effort between a state actor and that individual. *Adickes*, 398 U.S. at 152. Plaintiff has not alleged such facts. Thus, Plaintiff's § 1983 claims against Defendant Woods are subject to summary dismissal.

Plaintiff may also be attempting to bring claims against Defendant Woods for an alleged violation of a criminal statute. However, Plaintiff has not identified any statute that Woods allegedly violated. "The Supreme Court historically has been loath to infer a private right of action from "a bare criminal statute," because criminal statutes are usually couched in terms that afford protection to the general public instead of a discrete, well-defined group." *Doe v. Broderick*, 225 F.3d 440, 447-48 (4th Cir. 2000) (citing *Cort v. Ash*, 422 U.S. 66, 80 (1975)); *see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 283 (2002) (observing that enforcement of statutory violation under § 1983 requires showing that "intended to create a federal right").

Plaintiff appears to be requesting that this Court prosecute or direct Defendants to bring criminal charges against Defendant Woods, However as discussed above, Plaintiff has no constitutional right to or judicially cognizable interest in prosecuting Woods.

G.     Disciplinary Conviction/Defendants Duke and Cobbs

Plaintiff claims that Defendant Duke charged him with destroying detention center property without any proof or evidence that he committed this offense and Defendant Cobbs found him guilty and took away all his privileges with no proof or evidence of the alleged offense. Plaintiff's status as a pretrial detainee does not protect him from all punishment. Instead, a pretrial detainee can be subjected to punishment for disciplinary offenses after notice of the alleged misconduct, a hearing, and a written explanation of the resulting decision. *Dilworth v. Adams*, 841 F.3d 246, 253-54 (4th Cir. 2016). Plaintiff has not alleged any facts indicating he did not receive these due process protections for a disciplinary conviction, but he instead argues that there was not enough evidence to convict him of the disciplinary offense. Thus, his claims against Defendants Duke and Cobbs concerning his disciplinary charge and conviction should be summarily dismissed.

H.     Defendant Bean/Negligence Claims

Plaintiff alleges that Defendant Bean was negligent in leaving out his legal envelope with a note for the night shift which allegedly allowed Defendant Woods to gain access to the letter. *See* ECF No. 1 at 10. Such claims are subject to summary dismissal because it is well settled that negligence, in general does not support a claim for deprivation of Constitutional rights pursuant to a claim under 42 U.S.C. § 1983. *See Ruefly v. Landon*, 825 F.2d 792, 793-94 (4th Cir. 1987); *Davidson v. Cannon*, 474 U.S. 344, 345–48 (1986).

I.     Sovereign Citizen Claims

To the extent Plaintiff is attempting to assert claims that are based on "sovereign citizen" type theories,[7] such claims are subject to dismissal as they are frivolous. *See Smalls v. Sterling*, No. 2:16-4005-RMG, 2017 WL 1957471, at *1 (D.S.C. May 11, 2017); *Gaskins v. South Carolina*, No. 2:15-CV-2589-DCN, 2015 WL 6464440, at *4 (D.S.C. Oct. 26, 2015)(collecting cases); *see also Mitchell v. Vesely*, No. 5:17-CV-325-OC-30PRL, 2017 WL 11049094, *1 (M.D. Fla. Aug. 23, 2017) ("While Plaintiff does not state that he is a 'sovereign citizen,' his arguments are similar to the 'sovereign citizen' arguments that courts have routinely rejected as frivolous."). So-called sovereign citizens argue that, though they are born and reside in the United States, they are their own sovereigns and are not United States citizens. *Gravatt v. United States*, 100 Fed. Cl. at 282. Examples of grounds claimed for this belief include: The Uniform Commercial Code (UCC), maritime and admiralty law, the idea of strawman trusts, a "redemption theory," and Bible verses. *See, e.g., United States v. Anzaldi*, 800 F.3d 872, 875 (7th Cir. 2015) (describing the "redemption theory" as a "sovereign citizen-type view which ... holds that the federal government went bankrupt when it abandoned the gold standard in 1933 and began converting the physical bodies of its citizens into assets against which it could sell bonds. A tenet of this view is that knowledgeable citizens can redeem these assets and, through manipulating them in various imagined accounts, use them to their advantage."); *Mason v. Anderson*, No. H-15-2952, 2016 WL 4398680, at *2 (S.D. Tex. Aug. 18, 2016) (rejecting sovereign citizen's claim, grounded in the UCC, maritime and admiralty law, strawman trusts, and Bible verses, that he was not subject to the laws of the State of Texas). Sovereign citizens often attempt to use these arguments to "avoid

---

[7] Plaintiff lists himself as "The Beneficiary/Legal Guardian of DEASHAWN HARRISON," mentions UCC provisions, asks for his "Sovereignship [sic] paperwork," and states that he brings § 1983 claims on behalf of his "straw-man." *See* ECF No. 1 at 2, 7-8, 9, 12, 14, and 17.

paying taxes, extinguish debts, and derail criminal proceedings." *Gravatt*, 100 Fed. Cl. at 282; *see also U.S. v. Delatorre*, No. 03 CR 90, 2008 WL 312647, at *2 (N.D. Ill. 2008). Plaintiff cannot claim to be a sovereign independent of governmental authority while simultaneously asking the judicial system to grant him recourse. *See, e.g., Mason v. Anderson*, 2016 WL 4398680, at *2.

### IV.    RECOMMENDATION

Based on the foregoing, it is recommended that the Court summarily dismiss Defendants Gunnells, Leviner, Duke, Cobbs, Woods, and Bean. It is also recommended that Plaintiff's claims against Defendants Knight, Brown, and Branch about his criminal convictions, revocation of probation, double jeopardy violations, equal protection violations, not being able to report a crime, any request for declaratory or injunctive relief, and any claims based on a sovereign citizen theory be summarily dismissed. The Complaint should be served on Defendant Hazel as to Plaintiff's medical claims and on Defendants Knight, Branch, and Brown as to his First Amendment religion claims. **Plaintiff's attention is directed to the important notice on the following page.**

_____
Molly H. Cherry
United States Magistrate Judge

September 10, 2024
Charleston, South Carolina

..............................................................................

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).