IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Dea'Shawn Harrison,<br><br>       Plaintiff,<br>  v.<br><br>Regina A. Gunnells; L. C. Knight; Captain S. G. Branch; Major Brown; Amanda M. Leviner; Nurse Hazel; Officer Laretta Duke; Deon Cobbs; Terry Donial Woods, Jr.; Corporal Julius Bean,<br><br>       Defendants. | Case No. 9:23-00584-RMG<br><br>**ORDER AND OPINION** |

Before the Court is the report and recommendation (R&R) of the Magistrate Judge recommending Plaintiff's claims against Defendants Gunnells, Leviner, Duke, Cobbs, Woods, and Bean be summarily dismissed. (Dkt. No. 24). The Magistrate Judge also recommended that Plaintiff's claims against Defendants Knight, Brown, and Branch about his criminal convictions, revocation of probation, double jeopardy violations, equal protection violations, not being able to report a crime, any request for declaratory or injunctive relief, and any claims based on a sovereign citizen theory be summarily dismissed. Plaintiff did not file objections to the report.[1] For the reasons set forth below, the Court adopts the R&R as the Order of the Court. (Dkt. No. 24).

**I.    Background**

Plaintiff Dea'Shawn Harrison brought claims under 42 U.S.C. § 1983 (§ 1983) for alleged violations of his First, Fifth, and Eighth Amendment rights. (Dkt. No. 1). Plaintiff has pled guilty to robbery in Dorchester County (case number 2016A18205000635) and was sentenced to ten

---

[1] The R&R was returned as undeliverable from the last address provided by Plaintiff. Plaintiff was previously advised by the Magistrate Judge of his duty "to always keep the Clerk of Court advised" of any change of address. (Dkt. No. 7, p. 11).

1

years imprisonment with a suspended sentence of seven years' imprisonment and three years' probation in March 2019. A probation warrant was issued on December 21, 2022. Plaintiff has been transferred to Berkely County Detention Center and is facing a charge of burglary, third degree, first offense. (case number 2022A0820200313). *See* Berkeley County 9th Judicial Circuit Public Index, https://publicindex.sccourts.org/Berkeley/PublicIndex/PISearch.aspxPISearch.aspx (last visited Sept. 30, 2024).

Plaintiff alleges that Defendants Dorchester County Sheriff L. C. Knight (Knight), DCDC Captain S. G. Branch (Branch), and DCDC Major Brown (Brown) did not allow him to "to safely report any crime that has been committed against [Plaintiff]." (Dkt. No. 1, p. 6).

Plaintiff alleges that he has received unfair treatment while detained, and that he was only afforded recreation three days per week, while other detainees were allowed recreation seven days a week. (Dkt. No. 1, p. 6).

Plaintiff alleges that Defendant DCDC Nurse Hazel (Hazel) treated him unfairly because she did not allow him to be treated properly for food poisoning, contamination, high blood pressure, and labored breathing, and failed to send him to the emergency room. (Dkt. No. 1, p. 6).

Plaintiff alleges that Defendant Laretta Duke (Duke) of Dorchester County Sheriff's office charged him "with destroying/altering detention property without any proof or evidence that [Plaintiff] committed this offense[.]" (Dkt. No. 1, p. 7). Plaintiff also alleges that Defendant DCDC Office Deon Cobbs (Cobbs) found Plaintiff guilty and took all of Plaintiff's privileges "with no proof or evidence." (Dkt. No. 1, p. 7).

Plaintiff states that he brings a *Bivens* claim, and alleges that Defendants South Carolina Department of Probation, Parole and Pardon Services Probation/Parole Agent Regina A. Gunnells (Gunnells), Knight, Branch, Brown, and Dorchester County Magistrate Judge Amanda Leviner

(Judge Leviner), violated his Fifth Amendment rights "by putting [him] at jeopardy/subject to the same offense twice." (Dkt. No. 1, p. 8).

Plaintiff claims that Defendants Knight, Branch, and Brown violated his First Amendment rights by refusing to provide Plaintiff, who claims to be a Hebrew Israelite, with kosher meals and noncooked food on his Sabbath day (Saturday). (Dkt. No. 1, p. 9).

Plaintiff alleges that Defendant detainee Terry Woods (Woods) accessed a letter Plaintiff sent and shared the contents with everyone on recreation at the time. Plaintiff claims this was a federal offense and a violation of his Fifth Amendment rights. (Dkt. No. 1, p. 10). Plaintiff alleges that Defendant DCDC officer Julius Bean (Bean) was negligent when he allowed Defendant Woods to gain access to the letter by leaving a note instructing the night shift to keep Plaintiff's legal envelope on January 31, 2023. (Dkt. No. 1, p. 10).

For relief, Plaintiff appears to ask for monetary and possibly injunctive relief, writing "I put the county on notice that it will cost them 75,000 dollars per day for holding a Private, Natural Man without any injured party filing a verified complaint against me. I am willing to take a conditional exceptance of Sovereign Immunity and my Sovereignship paperwork." (Dkt. No. 1, p. 4) (errors in original).

## II. Legal Standard

### A. Review of R&R

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the

Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### III.     Discussion

Upon review of the record and case law in this Circuit, the Magistrate Judge determined that Plaintiff's claims against Defendants Gunnells Leviner, Duke, Cobbs, Woods, and Bean be summarily dismissed and that this action be served against Defendants Knight, Branch, and Brown only as to Plaintiff's First Amendment religion claims; and be served against Defendant Hazel only as to his medical claims. (Dkt. No. 24).

<u>A. Challenge to Criminal Conviction/Double Jeopardy</u>

Plaintiff appears to allege that Defendants Gunnells, Knight, Branch, Brown, and Judge Leviner have subjected him to double jeopardy. Whether Plaintiff is attempting to obtain monetary damages for his robbery conviction, sentence, or revocation of his parole, his claims are subject to summary dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, The Supreme Court noted that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated" 512 U.S. at 487. Here, Plaintiff's claims challenging his robbery conviction or sentence would imply the invalidity of his conviction or sentence, and therefore these claims should be dismissed.

Further, Plaintiff has failed to allege any facts to properly state a double jeopardy claim. "[B]ecause a sentence imposed after [a violation of probation] is not considered a new punishment," but rather, a part of the original sentence for the original charge, "the Double Jeopardy Clause is not implicated." *United States v. Fonteneau*, 277 F. App'x 293, 295 (4th Cir. 2008). Plaintiff's Double Jeopardy claims should be dismissed.

B. Equal Protection/Recreation

Plaintiff's equal protection claim alleges that other detainees were allowed seven days of recreation per week, while he was only allowed three. (Dkt. No. 1, p. 6). Plaintiff's equal protection claim should be dismissed because he has failed to allege any facts that indicate "he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001).

Plaintiff's Eighth Amendment claim resulting from the alleged unequal treatment, is also subject to summary dismissal. Claims of pretrial detainees against detention center officials are evaluated under the Due Process Clause of the Fourteenth Amendment rather than under the Eighth Amendment's proscription against cruel and unusual punishment. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir.1988).

Plaintiff's Fourteenth Amendment claims related to the alleged unequal treatment must also be dismissed. The Fourth Circuit noted that a successful Fourteenth Amendment deliberate indifference claim must show that 1) Plaintiff was subjected to a condition of confinement that poses a substantial risk of serious harm, 2) "the defendant intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed"; (3) the defendant "knew or should have known" that "the defendant's action or inaction posed an unjustifiably high

5

risk of harm"; and (4) "as a result, the detainee was harmed." *See Short v. Hartman*, 87 F.4th 593, 611 (4th Cir. 2023); *see also Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017) (adopting a similar test for claims of deliberate indifference to conditions of confinement under the Due Process Clause of the Fourteenth Amendment). Here, Plaintiff fails to allege any injury resulting from the amount of recreation he received and fails to indicate that Defendant's actions were objectively unreasonable given the alleged condition. Therefore, Plaintiff's claims stemming from unequal recreation time should be dismissed.

      C. Claims About Reporting a Crime

Plaintiff alleges that Defendants Knight, Branch, and Brown "have not allowed [him] to safely report any crime that has been committed against [Plaintiff] (the detainee), which is a violation of the prisoners['] rights and responsibility form." (Dkt. No. 1, p. 6). Plaintiff has failed to identify any crime that he was allegedly not allowed to report. Further, Plaintiff alleging that Defendants failed to uphold DCDC policies or rules is not actionable in a § 1983 action because a violation of DCDC policies does not violate Plaintiff's constitutional rights. *See Keeler v. Pea*, 782 F. Supp. 42, 44 (D.S.C. 1992); *cf. Johnson v. S.C. Dep't of Corrs.*, 2007 WL 904826 at *12 (D.S.C. Mar. 21, 2007) (plaintiff's allegation that defendants did not follow their own policies or procedures, standing alone, does not amount to a constitutional violation) (citing *Riccio v. County of Fairfax, Virginia*, 907 F.2d 1459, 1469 (4th Cir. 1990)) (if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue). Further, Plaintiff has no constitutional right to the criminal prosecution of another person. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (A private citizen does not have a judicially cognizable interest in the prosecution or nonprosecution of another person). Therefore, Plaintiff's claims about reporting a crime should be summarily dismissed.

D. Quasi-Judicial Immunity and Prosecutorial Immunity/Defendant Gunnells

Defendant Gunnells is subject to summary dismissal because she is entitled to prosecutorial immunity as to any claims about her acting in a prosecutorial function in prosecuting Plaintiff's probation revocation proceedings. *See Stevens v. Spartanburg Cnty. Prob., Parole, and Pardon Servs.*, 2010 WL 678953, at *6–7 (D.S.C. Feb. 23, 2010) (finding that prosecutorial immunity barred action against probation officer where the claims involved the probation officer acting in a prosecutorial function in prosecuting the plaintiff's probation revocation proceedings)

Defendant Gunnells is also entitled to absolute immunity from a suit for damages as to any claims about any of Gunnell's conduct that was performed in a quasi-judicial capacity. *See Douglas v. Muncy*, 570 F.2d 499, 500-01 (4th Cir. 1978) ("[P]ursuant to [Section] 1983, [the plaintiff] asked for damages for the denial of his constitutional rights from ... his parole officer, who allegedly had arbitrarily enforced the conditions of his parole.... [T]he district court was correct in its conclusion that ... [the plaintiff's] parole officer[ ] was [ ] immune from such liability.").

E. Judicial Immunity/Defendant Judge Leviner

Defendant Judge Leviner is subject to summary dismissal because she is entitled to judicial immunity. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). Further, Judicial immunity is not pierced by allegations of corruption or bad faith. *Pierson v. Ray*, 386 U.S. 547, 554 (1967) (holding that "immunity applies even when the judge is accused of acting maliciously and corruptly"). Therefore, the claims against Defendant Judge Leviner should be dismissed.

F. Defendant Woods/Not a State Actor Under § 1983

Plaintiff alleges that Defendant Woods violated his Fifth Amendment rights and committed a federal offense when he took Plaintiff's mail. (Dkt. No. 1, p. 10). To state a valid cause of action under § 1983, a plaintiff must demonstrate that: (1) the defendant deprived him of a right secured by the Constitution or any law of the United States; and (2) the deprivation of that right resulted from the defendant acting under color of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970). Plaintiff has failed to allege facts indicating that Defendant Woods was acting under color of law, and therefore the claim should be dismissed.

Plaintiff has also failed to identify what criminal statute Defendant Woods allegedly violated. As discussed above, to the extent Plaintiff is requesting that Defendants bring criminal charges against Defendant Woods, Plaintiff's claims must be dismissed because he has no judicially cognizable interest in prosecuting Defendant Woods.

G. Disciplinary Conviction/Defendants Duke and Cobbs

Plaintiff alleges that Defendant Duke charged him with destroying detention center property without evidence and that Defendant Cobbs found him guilty and took away privileges without evidence of the offense. A pretrial detainee can be subjected to punishment for disciplinary offenses after notice of the alleged misconduct, a hearing, and a written explanation of the resulting decision. *Dilworth v. Adams*, 841 F.3d 246, 253-54 (4th Cir. 2016). Plaintiff argues that there was not enough evidence to convict him of his disciplinary offense, but he failed to allege any facts indicating a lack of these due process protections. Plaintiff's claims against Defendants Duke and Cobbs concerning his disciplinary charge and conviction should be summarily dismissed.

### H. Defendant Bean/Negligence Claims

Plaintiff alleges that Defendant Bean was negligent in leaving out Plaintiff's legal envelope with a note for the night shift which allegedly allowed Defendant Woods to gain access to the letter. (Dkt. No. 1, p. 10). Negligence alone does not support a claim for deprivation of Constitutional rights under a § 1983 claim. *See Ruefly v. Landon*, 825 F.2d 792, 793-94 (4th Cir. 1987); *Davidson v. Cannon*, 474 U.S. 344, 345–48 (1986). Plaintiff's Negligence claim against Defendant Bean should be summarily dismissed.

### I. Sovereign Citizen Claims

Any of Plaintiff's asserted claims based on "sovereign citizen" type theories are subject to dismissal as frivolous. *See Smalls v. Sterling*, 2017 WL 1957471, at *1 (D.S.C. May 11, 2017); *Gaskins v. South Carolina*, 2015 WL 6464440, at *4 (D.S.C. Oct. 26, 2015) (collecting cases). Not only does Plaintiff fail to provide valid legal support for his sovereign citizen claim, Plaintiff cannot claim to be a sovereign independent of governmental authority while simultaneously asking the judicial system to grant him recourse. *See, e.g., Mason v. Anderson*, 2016 WL 4398680, at *2. Therefore, Plaintiff's sovereign citizen claim should be summarily dismissed.

## IV.    Conclusion

In light of the foregoing, the Court **ADOPTS** the R&R as the Order of the Court (Dkt. No. 24), and **DISMISSES** Defendants Gunnells, Leviner, Duke, Cobbs, Woods, and Bean. Plaintiff's claims against Defendants Knight, Brown, and Branch about his criminal convictions, revocation of probation, double jeopardy violations, equal protection violations, not being able to report a crime, any request for declaratory or injunctive relief, and any claims based on a sovereign citizen theory are also summarily dismissed. The Complaint should be served on Defendant Hazel as to

Plaintiff's medical claims and on Defendants Knight, Branch, and Brown as to his First Amendment religion claims.

**AND IT IS SO ORDERED.**

                                               _s/ Richard M. Gergel_
                                               Richard Mark Gergel
                                               United States District Judge

October 2, 2024
Charleston, South Carolina