IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dea'Shawn Harrison, ) | C/A No. 9:23-cv-00584-RMG-MHC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| L.C. Knight, Captain S.G. Branch, ) | |
| Major Brown, and Nurse Hazel, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, proceeding pro se and in forma pauperis, brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. For the reasons that follow, the undersigned recommends that this action be dismissed, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, for failure to prosecute.

## PROCEDURAL BACKGROUND

At the time Plaintiff filed his Complaint, he was detained in the Dorchester County Detention Center in Summerville, South Carolina. ECF No. 1 at 20. On June 5, 2023, Plaintiff filed a written notice of change of address, informing the Clerk of Court that his address had changed to the Hill-Finklea Detention Center in Moncks Corner, South Carolina. ECF No. 5. Plaintiff has filed no other notice of change of address, and the docket reflects his current address to be the detention center in Moncks Corner. *See generally* docket.

By Order dated June 7, 2023 ("Proper Form Order"), Plaintiff was given a specific time frame in which to bring this case into proper form, and he was specifically "ordered to always keep the Clerk of Court advised **in writing** . . . if [his] address changes for any reason." ECF No. 7 at

11 (emphasis in original). The Proper Form Order also warned Plaintiff of the following: "If as a result of your failure to comply with this Order, you fail to meet a deadline set by this court, **your case may be dismissed for violating this Order.**" *Id.* (emphasis in original). The Proper Form Order was mailed to Plaintiff on June 7, 2023, *see* ECF No. 8, and Plaintiff filed a response with proposed service documents on September 12, 2023, ECF No. 9. *See* ECF No. 14 at 1 n.1.

The Court issued a Second Proper Form Order on September 20, 2023, and a Third Proper Form Order on February 23, 2024. ECF Nos. 14 & 18. Both Orders repeated the language from the first Proper Form Order that ordered Plaintiff to advise the Clerk of Court in writing of any address change and warned him that his case may be dismissed for failure to do so. ECF No. 14 at 3; ECF No. 18 at 3–4. After Plaintiff responded to the Third Proper Form Order with proposed service documents, *see* ECF No. 20, the Court issued an Order authorizing partial service of process on September 10, 2024. ECF No. 21.

The September 10 Partial Service Order was returned undeliverable on October 1, 2024, with a notation on the envelope that Plaintiff had been "Released" from the detention center. ECF No. 26. All subsequent Orders of the Court likewise have been returned undeliverable with the notation "Released" written on the envelope. *See* ECF Nos. 31 (Order on Report and Recommendation returned), 34 (Scheduling Order returned), 38 (Roseboro Order returned). Plaintiff has not notified the clerk of court of any change to his address nor provided any alternative address to the Court. *See generally* docket.

On November 22, 2024, Defendants L.C. Knight, Captain S.G. Branch, and Major Brown filed a Motion to Dismiss the Complaint for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. ECF No. 35. Defendants assert that Plaintiff has failed to keep them informed of his current address, and they attach an envelope addressed to Plaintiff containing a copy of their Answer, which was returned to defense counsel as undeliverable with a notation that Plaintiff had been "Released." *Id.*; ECF No. 35-1. The Court issued an order pursuant to

2

*Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the dismissal procedures and the possible consequences if he failed to adequately respond to Defendants' Motion. ECF No. 36. The order was returned as undeliverable. ECF No. 38.

**DISCUSSION**

Federal courts have the inherent power to dismiss an action, either *sua sponte* or on a party's motion, for failure to prosecute. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–32 (1962) (explaining that the "power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."); *see also* Fed. R. Civ. P. 41(b). In considering whether to dismiss a case for failure to prosecute, a district court should consider the following four criteria: "(1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of 'a drawn out history of deliberately proceeding in a dilatory fashion,' and (4) the existence of a sanction less drastic than dismissal." *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (quoting *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978)).

Notwithstanding the specific warnings and instructions as set forth in the Court's three Proper Form Orders, ECF Nos. 5, 8, and 14, Plaintiff failed to update the Court with his new address. As a result, neither the Court nor Defendants have any means of contacting Plaintiff concerning his case.

Based on the foregoing, and the previous instructions and specific warnings given to Plaintiff in the three Proper Form Orders, the undersigned finds that Plaintiff meets the criteria for dismissal under *Lopez*. Plaintiff is personally responsible for proceeding in a dilatory fashion, as he is proceeding pro se; Defendants are suffering prejudice because of having to expend time and resources on a case in which Plaintiff is unresponsive; no sanctions other than dismissal appear to exist as the Plaintiff is indigent (and therefore not subject to monetary sanctions); and Plaintiff has otherwise failed to maintain a current mailing address, despite Court orders requiring him to do

so. *Lopez*, 669 F.2d at 920.

## RECOMMENDANTION

Accordingly, it is **RECOMMENDED** that the Motion to Dismiss for Lack of Prosecution (ECF No. 35) be **GRANTED** and that this action be **DISMISSED** for lack of prosecution, pursuant to Rule 41(b). *See Lopez*, 669 F.2d at 920; *Davis*, 588 F.2d at 70; Fed. R. Civ. P. 41(b); *see also Link*, 370 U.S. at 629–32.

**The Clerk shall mail this Report and Recommendation to Plaintiff at his address of record. If the Plaintiff provides a current address within the time set forth for filing objections to this Report and Recommendation, the Clerk is directed to vacate this Report and Recommendation and return this file to the undersigned for further handling.**

If, however, no updated address is filed, the Clerk shall forward this Report and Recommendation to the District Judge for disposition. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (Magistrate Judge's prior explicit warning that a recommendation of dismissal would result from plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when plaintiff did not comply despite warning).[1]

It is so **RECOMMENDED**.

The parties are referred to the Notice Page attached hereto.

Molly H. Cherry
United States Magistrate Judge

December 13, 2024
Charleston, South Carolina

---

[1] After a litigant has received one explicit warning as to the consequences of failing to timely comply with an order of a Magistrate Judge, and has failed to respond to that order, the district court may, under Fed. R. Civ. P. 41(b), dismiss the complaint based upon the litigant's failure to comply with that court order. *See Simpson v. Welch*, 900 F.2d 33, 35–36 (4th Cir. 1990); *Ballard*, 882 F.2d at 95–96 (holding that district court's dismissal following an explicit and reasonable warning was not an abuse of discretion).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.   Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"   *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.   28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).   Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**   28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).